UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES JERROD SPIKES                                    CIVIL ACTION

VERSUS                                                 NUMBER: 15-3774

LEIGH ANN WALL, ET AL.                                 SECTION: "N"(5)

## REPORT AND RECOMMENDATION

Using the standardized form that is provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, the above-captioned matter was filed *in forma pauperis* by *pro se* Plaintiff, James Jerrod Spikes, against Defendants, former Assistant District Attorney ("ADA") Leigh Ann Wall, Assistant Public Defender ("APD") Kevin D. Lindner, District Attorney ("DA") Warren L. Montgomery, Assistant District Attorney ("ADA") John Alfred, Warden Jim Miller, Sheriff Randy Seal, former District Attorney ("DA") Walter Reed, and Court Reporter Karen Carite Jenkins.  (Rec. 12, pp. 1, 2).

Plaintiff is an inmate of the Washington Parish Jail in Franklinton, Louisiana, where he is apparently being held on weapons charges as well as a murder charge.  (Rec. doc. 12, p. 15; rec. doc. 16, p. 9 in No. 14-CV-3004).  Unfortunately, the Court's task in conducting the statutory screening mandated by 28 U.S.C. §1915A is made somewhat more difficult here by virtue of the fact that the initial complaint that was tendered by Spikes was deficient, as the Defendants identified in the caption did not coincide exactly with the listing of Defendants on page four.  (Rec. docs. 1, pp. 1, 4; 4).  However, rather than simply submitting a corrected copy of page four, Plaintiff presented the Court with two additional supporting briefs, as well as a copy of a state court minute entry dated February 9, 2015, all of which relate to a significant portion of the allegations in this lawsuit.  (Rec. doc. 12, pp. 1-

16).  Plaintiff's two submissions have since been merged by the Clerk's Office and appear in the record as one unified document.  (Rec. doc. 12).  Based upon a review of that now-combined pleading, the following can be discerned.

Plaintiff begins the statement of claim set forth in his complaint with a conclusory allegation charging former ADA Wall with "filing and maintaining false public records" through three false bills of information in case Nos. 13-CR9-123731 and 15-CR5-127264 on the docket of the Twenty-Second Judicial District Court.  (Rec. docs. 12, p. 3; 12-1, p. 4). More central to his present lawsuit are the allegations that follow in which Spikes accuses Court Reporter Jenkins of altering and falsifying court documents based upon variances between the minute entry and transcript of a proceeding that went forward on February 9, 2015 in one of his criminal cases.  (Rec. doc. 12, pp. 4-14).  Spikes complains that while the transcript of that proceeding indicates that it was simply a bond reduction hearing, the corresponding minute entry erroneously reflects, *inter alia*, that he was timely arraigned, thereby mooting a motion for *habeas corpus* relief and an "Article 701 release" that he had filed.  (Rec. docs. 12, pp. 5, 15; 12-1, pp. 23-28).  Spikes also alleges that certain statements that he made at the proceeding, including complaints about the effectiveness of his court-appointed counsel, were not transcribed by Jenkins, thus hampering his ability to seek review of the proceeding by higher courts and resulting in his false imprisonment as part of a "... broader picture of a conspirital (sic) chain to protect colleagues and corrupt law enforcement and court officers involved in the current confinement of [P]laintiff."  (Rec. doc. 12, pp. 10-12).

With respect to the named Defendants other than Wall and Jenkins, Plaintiff's allegations are sparse, conclusory, or even non-existent.  APD Lindner, Plaintiff alleges, has

rendered ineffective assistance in failing to challenge his purported malicious prosecution by Wall (rec. doc. 12-1, pp. 11-12); ADA Alfred took over Spikes' prosecution after Wall's reported removal as an ADA (*id.* at p. 8); and, Defendants Miller and Seal are alleged to have "... assisted in not bringing [P]laintiff before the court on August 11, 2015 and August 19, 2015 for [a] preliminary examination ..." (*Id.* at p. 9). Plaintiff's complaint and supporting briefs contain no specific allegations whatsoever against Defendants Montgomery or Reed. In his prayer for relief, Plaintiff seeks this Court's review of the tape of the February 9, 2015 proceeding, his release from imprisonment, and an unspecified amount of compensatory damages. (Rec. docs. 12, pp. 7-8, 13-14; 12-1, p. 5).

Initially, the Court is required to examine Plaintiff's complaint to determine whether the allegations presented therein, if proven, would undermine the constitutional validity of his state court conviction or confinement. When a state prisoner attacks the very fact or length of his confinement, the appropriate cause of action is a petition for writ of *habeas corpus* even though the facts of the complaint might otherwise be sufficient to state a claim under 42 U.S.C. §1983. *Caldwell v. Line*, 676 F.2d 494 (5th Cir. 1982); *Richardson v. Fleming*, 651 F.2d 366 (5th Cir. 1981); *Johnson v. Hardy*, 601 F.2d 172 (5th Cir. 1979). Where the exclusive initial remedy is for *habeas corpus* relief, exhaustion of state court remedies is required, a requirement that applies to both pre-trial and post-conviction *habeas* proceedings. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198 (1982); *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827 (1973); *Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir.) *cert. denied*, 484 U.S. 956, 108 S.Ct. 352 (1987). The exhaustion requirement is satisfied only where a prisoner's grounds for federal *habeas corpus* relief were previously presented to the state's highest court in a procedurally proper fashion. *Knox v. Butler*, 884 F.2d 849,

852 n. 7 (5th Cir. 1989), *cert. denied*, 494 U.S. 1088, 110 S.Ct. 1828 (1990); *Dupuy v. Butler*, 827 F.2d 699, 702 (5th Cir. 1988).

Plaintiff's allegations, that he remains incarcerated due to malicious prosecution, ineffective assistance of counsel, and the alteration and falsification of the record of his state court criminal proceeding, challenge the fact and duration of his confinement, which must initially be pursued on *habeas corpus* grounds, but only after he has exhausted available state-court remedies with respect to them. *Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994); *Hernandez v. Spencer*, 780 F.2d 504, 505 (5th Cir. 1986); *Carmona v. Butler*, No. 88-CV-1360, 1988 WL 86782 at *2 (E.D. La. July 27, 1988).   In that regard, Plaintiff identifies, in answer to question No. I of the pre-printed §1983 complaint form, no applications, writs, or other proceedings in which he presented the allegations that he now urges to the Louisiana Supreme Court for its consideration.   (Rec. doc. 12-1, pp. 1-2). Accordingly, insofar as the instant matter can be construed as a request for *habeas corpus* relief, it should be dismissed without prejudice for failure to exhaust available state court remedies. *McGrew v. Texas Board of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995).

The Court must next determine whether any valid §1983 claims are raised by Plaintiff's complaint.   With respect to the named Defendant former and present prosecutors – Wall, Montgomery, Alfred, and Reed – as Plaintiff should be aware through one of the various other lawsuits that he has litigated in this forum, federal law does not recognize an independent constitutional claim of malicious prosecution. *Cuadra v. Houston Independent School Dist.*, 626 F.3d 808, 812-13 (5th Cir. 2010); *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003).  Moreover, the former and present prosecutors are entitled to absolute prosecutorial immunity for the acts complained of *sub judice*. *Imbler v. Pachtman*,

424 U.S. 409, 96 S.Ct. 984 (1976); *Boyd*, 31 F.3d at 285; *Graves v. Hampton*, 1 F.3d 315, 317-18 (5th Cir. 1993).   That immunity applies even where the prosecutor's acts were alleged to have been done maliciously, wantonly, or negligently.   *Rykes v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987).   That being the case, Plaintiff's §1983 claims against the former and present prosecutors should be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i) and (ii). *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

As for APD Lindner, absent colorable allegations of a conspiracy with traditional state actors, neither retained nor appointed counsel are considered to be acting under color of state law for purposes of §1983 liability.   *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445 (1981); *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985).   No such allegations have been pled by Plaintiff here.   With respect to Warden Miller and Sheriff Seal, the extent of Plaintiff's specific allegations as to them is that they somehow "assisted" in not having Plaintiff brought to court for a preliminary examination on two occasions.   A plaintiff in a §1983 suit, however, must allege specific facts giving rise to a constitutional violation. *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002).   This is so because "[p]ersonal involvement is an essential element of a civil rights cause of action," *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983), and supervisory officials like the Warden and the Sheriff cannot be held liable for federal civil rights violations allegedly committed by their associates based merely on a theory of strict or vicarious liability.   *Harvey v. Andrist*, 754 F.2d 569, 572 (5th Cir.), *cert. denied*, 471 U.S. 1126, 105 S.Ct. 2659 (1985).   In the absence of any more detailed allegations against Miller and Seal, Plaintiff's §1983 claims against them in their individual capacity is not tenable here.   *Carter v. Strain*, No. 09-CV-0015, 2009 WL 3231826 at *1 (E.D. La. Oct. 1, 2009).   And as Plaintiff has not identified a policy which caused the deprivation

of his constitutional rights, any purported §1983 claims against Miller and Seal in their official capacity must be dismissed as well. *Id.* at *2.

With the foregoing recommended dismissals, that leaves before the Court only Plaintiff's potential §1983 claim against Court Reporter Jenkins.  At this juncture, because the Court is unable to say with any degree of certainty that such a claim lacks an arguable basis in law and fact, Plaintiff's §1983 claim as to Jenkins should be stayed pending the finality of his state court criminal proceedings.  *Wallace v. Kato*, 549 U.S. 384, 393-94, 127 S.Ct. 1091, 1098 (2007); *Billiot v. Beavers*, No. 12-CV-2946, 2013 WL 1099060 at *2-3 (E.D. La. Feb. 21, 2013), *adopted*, 2013 WL 1098080 (E.D. La. Mar. 15, 2013).

## **RECOMMENDATION**

For the foregoing reasons, **it is recommended** that Plaintiff's complaint, to the extent that it can be construed as a request for *habeas corpus* relief, be dismissed without prejudice for failure to exhaust available state court remedies.

**It is further recommended** that Plaintiff's §1983 claims against all Defendants other than Karen Carite Jenkins be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

**It is further recommended** that Plaintiff's §1983 claim against Karen Carite Jenkins be stayed, reserving to Plaintiff the right to re-open this case within 30 days of the finality of his state court criminal proceedings.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions

accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 26th day of _____ October _____, 2015.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE